[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner brings this writ of habeas corpus alleging that the respondent improperly deprived him of prospective good time. The facts are not in dispute. The petitioner was serving a sentence of 12 years and during the seven years of incarceration had received many disciplinary tickets, the most recent of which resulted in a hearing for chronic discipline on December 22, 1995 and again on February 5, 1996. As a result of the hearing on February 5, 1996 he was transferred from Cheshire Correctional Institution to Walker Correctional Institution on February 23, 1996 to a Chronic Disciplinary Unit. While in such status he was not to receive statutory good time. His claim is that such deprivation of good time is forfeiture of prospective good time in violation of C.G.S. § 18-7a(c), Nichols v. Warren,209 Conn. 191, 196-98. CT Page 2860
"According to the plain language of § 18-7a(c), the commissioner may award good time credits at his discretion."Nichols v. Commissioner of Correction, 43 Conn. App. 176, 180cert. denied 239 Conn. 937 (1996). "Nichols does not conclude that § 18-7a(c) compels the automatic award of good time credits, but rather concludes that once an inmate has become eligible to earn statutory credits, such credits cannot be surrendered before they are earned. We therefore conclude that § 18-7a(c) does not give the petitioner a liberty interest in good time credits he has not yet earned." Id., 181.
For the above reasons the petition is dismissed.
Corrigan, J.